**Opinion filed March 8, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00088-CV

_____

## BERNARDINO MARTINEZ, Appellant

## V.

## CORONADO NURSING CENTER, LP, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 47146-A**

## MEMORANDUM OPINION

Bernardino Martinez appeals from an order dismissing his claims against Coronado Nursing Center, LP for failing to serve expert reports. Martinez filed this suit after his father died while in the care of Coronado, allegedly as a result of being left unsupervised. Martinez asserted claims for wrongful death and survival. After Martinez failed to serve an expert report, Coronado filed a motion to dismiss with prejudice pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011). The trial court granted Coronado's motion to dismiss and also ordered Martinez's counsel to pay $11,886.50 in attorney's fees to Coronado's counsel. We affirm.

In a single issue on appeal, Martinez argues that Section 74.351 is not applicable to this case because his claims are not health care liability claims. Martinez's claims stem from allegations that his father, a man of limited mental and physical capacities, choked to death as a result of Coronado negligently allowing him to access food and feed himself without supervision even though Coronado had been advised that Martinez's father needed supervision and could not feed himself. Martinez urges that the claims against Coronado do not involve the rendition of medical services but, rather, the failure to supervise and provide nonmedical supervision and care.

We disagree with Martinez's contention that his claims are not health care liability claims. To determine whether a claim is a health care liability claim, we must consider the underlying nature of the claim, which cannot be altered by artful pleadings. *Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392, 394 (Tex. 2011). "Health care liability claim" is defined by statute as a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2011). "Health care" is defined as any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement. *Id.* § 74.001(a)(10).

The Texas Supreme Court has held that similar claims filed against nursing homes constituted health care liability claims. *See Omaha*, 344 S.W.3d 392; *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005). In *Omaha*, the plaintiff urged that her claims were matters of ordinary negligence and were not health care liability claims because her sister, a resident of the defendant nursing home, died from a spider bite. 344 S.W.3d at 393. Believing that her claims did not fall under the statutory definition of a health care liability claim, the plaintiff did not serve an expert report. The supreme court held that the plaintiff's claims fell within the statutory definition of a health care liability claim and ordered that the plaintiff's claims be dismissed. *Id.* at 395–96. In *Diversicare*, a nursing home resident, Rubio, sued the nursing home after she was sexually assaulted by another resident. 185 S.W.3d at 845. Rubio alleged that the nursing home was negligent for failing to provide adequate supervision and

nursing services and for failing to adequately supervise and monitor the resident to protect her from the offending resident. *Id.* The supreme court held that the claims against the nursing home were claims for breaches of the standard of care for a health care provider and were, thus, health care liability claims because the supervision of Rubio and the patient who assaulted her and the protection of Rubio were inseparable from the health care and nursing services provided to her. *Id.* at 849.

The supervision, monitoring, and protection of patients at a nursing home are health care services. *Id.* at 850, 855. Because Martinez's claims stem from Coronado's failure to properly supervise Martinez's father so that he did not injure himself, the claims involve health care services. We hold that Martinez's claims are health care liability claims. Thus, the trial court did not err in dismissing Martinez's claims pursuant to Section 74.351. Martinez's sole issue is overruled.

Coronado has filed in this court, pursuant to TEX. R. APP. P. 45, a motion for sanctions against Martinez for filing a frivolous appeal. Although we are of the opinion that Martinez's appeal lacks merit, we do not believe that the appeal is frivolous. *See Methodist Hosp. v. Shepherd-Sherman*, 296 S.W.3d 193, 200 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Accordingly, Coronado's motion for sanctions is overruled.

The order of the trial court is affirmed.

TERRY McCALL

JUSTICE

March 8, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3